MEAD *v.* THOMPSON.

1. If a petition to the Circuit Court to re-examine a decree of the District Court in Bankruptcy, pray the court to *"review"* and reverse that decree and "to grant such further order and relief as may seem just," the jurisdiction invoked must be regarded as the supervisory jurisdiction which is allowed to Circuit Courts acting as courts of equity by the second section of the Bankrupt Act.
2. From the action of the Circuit Court in the exercise of such jurisdiction no appeal lies to this court.

THIS was a motion of *Mr. A. J. Parker, for John Thompson, a bankrupt,* to dismiss two appeals by his creditors from a decree of the Circuit Court for the Southern District of New York, affirming a decree of discharge granted to him by the District Court.

The case was thus:

The "Act to establish a uniform system of Bankruptcy throughout the United States," approved March 2d, 1867, which gives to the District Courts exclusive original jurisdiction in matters of bankruptcy, enacts by its—

"SECTION 2. That the several Circuit Courts . . . within and

for the districts where the proceedings in bankruptcy shall be pending, shall have a *general superintendence and jurisdiction in all cases and questions, arising under the act;* and may . . . upon bill, petition, or other process of any party aggrieved hear and determine the case *as a court of equity."*

By the 8th section it is enacted:

"That *appeals* may be taken from the District Courts to the Circuit Courts in all cases in equity, and writs of error may be allowed to said Circuit Courts in cases at law, under the jurisdiction created by this act, when the debt or damages claimed amount to more than $500; and any supposed creditor may appeal whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim."

And by the 9th section:

"That in cases arising under this act no appeal or writ of error shall be allowed in any case from the Circuit Courts to the Supreme Court of the United States, unless the matter in dispute exceeds $2000."

This act being in force, John Thompson applied to the District Court for the Southern District of New York to be discharged from his debts as a bankrupt. One E. F. Mead, and also the Merchants' Exchange National Bank, opposed his discharge. The District Court, however, granted it. This was on the 14th June, 1869. On the 24th, following, Mead gave notice to the bankrupt that he thereby *"appealed"* to the Circuit Court from the decree of the District Court granting the discharge. And on the 3d of July he entered into the usual bond (which on the same day was filed and served by a copy), reciting that whereas he had *"appealed* to the Circuit Court, &c., to reverse the decision rendered . . . by the judge of the District Court, &c., and the order entered thereupon in said court granting a discharge," and binding himself to "prosecute said appeal " to effect, &c. On the 24th he filed his petition to the Circuit Court, setting forth Thompson's application for a discharge, his (Mead's) opposition, setting forth also the " specification

of his objections to said discharge "—a paper that had been put before the register in bankruptcy, and alleging fraudulent conveyances by Thompson of various items of property to his sons, &c.,—representing that his (Mead's) debt, proved before the register, was more than $500, and praying the Circuit judge " to *review* the said decision and reverse the same . . . and decree that the said bankrupt is not entitled to his discharge . . . *and for such further order and relief in the premises* as to the court may seem just."

Similar proceedings, it was assumed, took place on the part of the Merchants' Exchange National Bank; though no petition appeared in the transcript of the record.

The petitions were heard together in the Circuit Court when, April 13th, 1871, this order was there made:

"The petitions of E. F. Mead, by E. N. Taft, Esquire, his solicitor, and the Merchants' Exchange National Bank, by G. A. Seixas, Esquire, their solicitor, creditors of the said John Thompson, bankrupt, *for a review* of the order granted by the United States District Court for the Southern District of New York, on the 14th day of June, 1869, declaring said bankrupt forever discharged from all his debts, provable under the act of Congress entitled 'An act to establish a uniform system of Bankruptcy throughout the United States,' approved March 2d, 1867, having been brought to a hearing before this court, after hearing E. N. Taft and G. A. Seixas, in behalf of said creditors, respectively, and E. More, of counsel for said bankrupt, it is ordered and adjudged that the said order, entered in the said District Court, declaring the said John Thompson, bankrupt, discharged from all his debts as aforesaid, be, and the same hereby is, in all things affirmed.

"L. B. WOODRUFF,
"Circuit Judge."

From this affirmation of the decree of discharge, Mead and the bank appealed to this court, and their appeals it was that Mr. Parker moved to dismiss.

*Messrs. E. More and A. J. Parker, in support of the motion; Mr. R. D. Benedict, contra.*

Mr. Justice STRONG delivered the opinion of the court.

In *Morgan* v. *Thornhill*,* and in *Hall* v. *Allen*,† it was held that no appeal lies to this court from a decree of a Circuit Court, made in the exercise of the supervisory jurisdiction conferred upon it by the second section of the Bankrupt Act of March 2d, 1867. If, then, the decree from which these appeals have been taken was made in the exercise of that jurisdiction, they are unauthorized, and they must be dismissed. And that they were thus made is very plainly exhibited in the record. The order of the District Court discharging the bankrupt, was made on the 14th day of June, 1869, and on the 24th of that month, Mead, one of the present appellants, filed in the office of the clerk of that court, a notice that he did thereby appeal from the order of the Circuit Court. This was followed by a bond for costs, which was filed and served by copy on the 3d of July, and on the same day a petition for review of the order of the District judge was verified and served. The prayer of the petition was that the Circuit judge would review the decision of the District judge and reverse the same, and grant such further order or relief as might seem just.

Whatever may have been intended, on the 24th day of June, when the notice of an appeal was given, it is plain that the appellant sought relief afterwards only by his petition of review under the first clause of the second section of the act.

And the same remark may be made respecting the Merchants' Exchange National Bank, of New York, the other appellants to this court. Indeed, the record exhibits no notice given by them of an intention to appeal from the order of the District Court, nor even any petition for a review. It is intimated, however, in the proceedings of the Circuit Court, that such a petition was presented, and it may be assumed to have been a fact.

The present appellants then came before the Circuit Court, not as appellants from the order of discharge made

---

* 11 Wallace, 65.  † 12 Id. 452.

by the District judge, but as applicants for the general superintending power of the Circuit Court over all questions arising under the Bankrupt Act; merely as petitioners for that revision which we have held to be final. And only that revisory jurisdiction was exercised. This is evident from the decision of the Circuit Court, made April 13th, 1871, from which these appeals have been taken.*

Whether, if appeals had been taken from the District Court and prosecuted in the Circuit Court, and if the Circuit Court had heard and decided them, an appeal would lie to this court, need not now be determined, for we have no such case before us. The present, being appeals from a decision made by the Circuit Court in the exercise of its supervisory jurisdiction, cannot be entertained.

APPEALS DISMISSED.