MACO STEWART ET AL V. HONORABLE BEN RAMSEY, SECRETARY OF STATE.

No. A-2220. Decided October 5, 1949.
Rehearing overruled November 9, 1949.
223 S. W., 2d Series, 782.)

*Stewart, Burgess & Morris, W. Carloss Morris, Jr., Sam W. Mintz, DeLange and Hudspeth, C. M. Hudspeth,* and *Albert J. LeLange,* all of Houston, for relators.

*Price Daniel,* Attorney General, and *C. K. Richards,* Assisttant Attorney General, for respondents.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This action is an original petition for mandamus filed in this Court by Maco Stewart et al, relators, to compel Hon. Ben Ramsey, Secretary of State, respondent, to file the charter of a proposed corporation to be known as Stewart Trust Company.

On August 26, 1948, relators executed an application for a charter for Stewart Trust Co., under the provisions of Art. 1303b, Vernon's Anno. Civ. Stat. This application, together with franchise taxes, filing fee and other charges and an affidavit that all capital stock had been subscribed and paid for in cash, they tendered to the Secretary of State on October 15, 1948, and again on March 21, 1949. On both occasions filing of the charter was refused. On April 5, 1949, respondent wrote relators that he had no objection "to the form of the charter nor to the amounts or validity of the checks, nor to the noncompliance with any law or stautes" except that to file the charter "would violate the provisions of Article 342-902, Revised Civil Statutes of Texas, as amended." Thereupon this action was filed.

Art. 1303b, supra, provides: "A private corporation may be formed for any one or more of the following purposes, *without banking* or insurance *privileges* to accumulate and loan money; to sell and deal in notes, bonds and securities; to act as trustee under any lawful express trust committed to it by contract or will, or under appointment of any court having jurisdiction of the subject matter, and as agent for the performance of any lawful act; to subscribe for, purchase, invest in and dispose of shares of capital stocks, bonds, mortgages, debentures, notes and other securities or obligations, contracts and evidences of indebtedness of foreign or domestic corporations not competing with each other in the same line of business; to borrow money or issue debentures for carrying out any or all purposes above enumerated." (Italics ours.)

The purpose clause of the proposed charter of Stewart Trust Company was in the identical words of this statute.

The relevant provisions of Art. 342-902, Vernon's Anno.

Civ. Stat., referred to in respondent's letter of refusal, are as follows: *"It shall be unlawful for any * * * corporation, * * * (2) To use the term* 'bank,' 'bank and trust,' 'savings bank,' *'trust'* or any similar term *in its name, * * * Provided, however, that this article shall not apply to* (1) national banks, (2) state banks, (3) other *corporations* heretofore or *hereafter organized under the laws of this State* or of the United States *to the extent that such corporations are authorized under* their charter or *the laws of this State* or of the United States *to conduct such business* or to use such term * * *."* (Italics ours.)

Respondent says he is ready to issue relators a charter under Art. 1303b provided they do not include the word *trust* in their corporate name. He contends that under the Texas Banking Code of 1943, Arts. 342-101 to 342-911, inc., Vernon's Ann. Civ. Stat., the Banking Commissioner is the only agent authorized to issue relators a charter to do a trust business and to use the word *trust* as a part of its corporate name; that, otherwise, relators would be advertising that they were in a trust business without being under the supervision of the Banking Commissioner or subject to visitation by any state agency.

This contention would paraphrase the language of the exception in Art. 342-902 to make it say *"corporations hereafter organized under this Act* (Art. 342) *to the extent that they are authorized under this Act to conduct such business."* We cannot approve any such strained construction of the words of the statute which plainly say: "corporations * * * *hereafter organized under the laws of this State * * * to the extent that such corporations are authorized under * * * the laws of this State * * * to conduct such business."* (Italics ours.)

Nor do we find any support for respondent's contention in the history of the two articles under review.

Art. XVI, Sec. 16, of the Constitution of this State, an amendment adopted in 1904, provides that the Legislature "shall by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of State supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof."

The next year the Legislature passed a comprehensive act relating to banks and banking corporations. Acts 1905, 29th Leg., 1st C. S., Chap. 10, p. 489. The caption described it as

"An Act to authorize the creation of corporations with banking and discount powers and privileges, and with trust company * * * powers and privileges, as herein defined, and with power to act as * * * trustee." In line with the constitutional mandate of Art. XVI, Sec. 16, supra, to authorize "the incorporation of corporate bodies with banking and discounting privileges," the first seven sections of the act permitted the incorporation of banks of "deposit or discount or both" and defined their powers and duties. Under Sections 8 to 12 a bank of "deposit or discount or both" could be incorporated as a bank and trust company with broad trust powers, including the specific power "to take, accept and execute any and all such trusts and powers of whatever nature or description as may be conferred upon or intrusted or committed to it by any person, or persons or any body politic, corporation or other authority, by grant, assignment, transfer, devise, bequest or otherwise, or which may be intrusted or committed or transferred to it or vested in it by order of any court of record, and to receive and take and hold any property or estate, real or personal, which may be the subject of any such trust." Then Sec. 76 of the act made it unlawful for any trust company "except such as are organized under the provisions of this act, or which take advantage of this act" to use as its name or a part of its name the word *trust* "or any other term which may be confused with the name of corporations organized under this act," but provided that "corporations heretofore organized under the general laws of the State * * *, authorized by their charters to use such name or parts of names, as are hereby prohibited, may continue to use the same by using thereafter the words 'without banking privileges.'"

These provisions remained the law until 1943, and with some rearrangement by the codifiers they appear as Arts. 376, 396 and 491 of the Revised Statutes of 1925.

In that year was passed "The Texas Banking Code of 1943" by Acts 1943, 48th Leg., Ch. 97, p. 127, which appears in Vernon's Annotated Civil Statutes as Article 342, with sections 101 to 911, both inclusive. Section 101 declares that the code "provides a complete system of laws governing the organization, operation, supervision and liquidation of state banks." Section 102 defines a state bank as any corporation "hereafter organized under this Code and any corporation heretofore organized under the laws of the State of Texas, and which was, prior to the effective date of this Act, subject to the provisions of Title 16 of the Revised Civil Statutes of Texas, 1925 (the Act of 1905, supra), as amended, including banks, trust companies, bank and

trust companies, * * *." Under Section 301 it is provided that five or more persons may incorporate a state bank with "any one or more or all" of several powers specified in eight subsections, two of which are "to act as trustee under any mortgage or bond issue and to accept and execute any trust not inconsistent with the laws of this State" and "to act under the order or appointment of any court of record as * * * trustee." Under Section 305 the application for a charter must be filed with the Banking Commissioner, who, after approval of the application by the State Banking Board, issues the charter. Other sections provide for visitation, supervision and control by the Commissoiner and Banking Board. Section 902 appears above.

Sec. 76 of the Act of 1905, supra, was much more restrictive as to the use of the word *trust* by a corporation than is Sec. 902 of the Act of 1943, supra. Under the former there were only three classes of trust companies which could use it, namely, (1) those organized under the Act of 1905, (2) those already organized which "take advantage of this act," and (3) those *"heretofore"* organized under the general laws and authorized by their charters to use it. Under the Act of 1943 the exception to the prohibition was extended to state banks (which, of course, could be organized only under the Banking Code) *and* other *corporations* heretofore or *hereafter organized under the laws of this State to the extent that they are authorized under the laws of this State to conduct such business.* This clearly did not show an intention to confine the exception to trust companies organized under the Banking Code; and there is good reason for it.

In 1927, after the Act of 1905, supra, had been in effect for 22 years, the Legislature passed an act authorizing private corporations to be formed "to act as Trustee under any lawful express trust committed to it by contract." Acts 1927, 40th Leg., R. S., ch. 275, p. 414. Its emergency clause recited, "Whereas, there are now no laws existing in Texas, authorizing private corporations to be formed for all of the purposes hereinabove stated, and whereas, it would be for the public good to have such corporations chartered for such purposes * * *." This act was placed by the codifiers in Title 32, which deals with private corporations, as Art. 1303b of Chapter 2 relating to the creation of corporations. Then in 1945, two years after the Banking Code of 1943 was passed, the Legislature expressly referred to it as "Article 1303b, Revised Civil Statutes of Texas, 1925," and amended it so that a private corporation might be formed *"without banking privileges,* to act as Trustee under any lawful express trust committed to it by contract *or will, or under appoint-*

*ment of any court* having jurisdiction of the subject matter." The emergency clause of this act recited that "the present laws do not specifically authorize the creation of private corporations for the purpose of acting as trustee under a will," despite the fact that under the Banking Code of 1943, supra, a state bank can be organized with power "to accept and execute *any trust not inconsistent with the laws of this State.*" (Italics ours.)

Thus it is clear that there are two methods of organizing a corporation with trust powers. Under Art. 1303b it can be organized, upon proper application to the Secretary of State, for the purposes there stated but cannot exercise any privileges as a bank. Under the Banking Code it can be incorporated, upon proper application to the Banking Commissioner, for the purposes there stated and may exercise banking privileges. This gives meaning to the language of Art. 342-902 that its prohibition shall not apply to a corporation authorized under its charter or the laws of this State to conduct a trust business.

We are not unmindful of respondent's argument that by using the name Stewart Trust Company relators will be advertising that they are in a trust business without being under the supervision of the Banking Commissioner or subject to visitation by any state agency. But that is a matter solely for the Legislature's consideration.

The writ will issue as prayed.

Opinion delivered October 5, 1949.

Rehearing overruled November 9, 1949.