

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 2, 1958

Hon. J. M. Falkner
Banking Commissioner
Capital National Bank Bldg.
Austin, Texas

Opinion No. WW-441

Re: May a corporation or company
organized under Article 1513a,
V.C.S., engage in a general
loan business, and the appro-
priate action to be taken by
the Department of Banking by
reason of the provisions of
Section 9, Article 1524a,
V.C.S., if a company organized
under Article 1513a is found
to be making direct loans to
the general public.

Dear Mr. Falkner:

        You have requested the opinion of this office in connec-
tion with certain duties imposed upon your department in the sup-
ervision of corporations organized and operating under the pro-
visions of Article 1513a, Vernon's Civil Statutes. Your question
is as follows:

        "Please advise us whether or not a 1513a company
    may engage in a general loan business and, further,
    whether this Department should take action as pre-
    scribed in Section 9, Article 1524a, if upon exami-
    nation of such a company it is determined that the
    company has made or is making direct loans to the
    general public."

        Section 2, Article 1513a, V.C.S., is as follows:

        "Trust companies may be created, and any corpor-
    ation, however created, may amend its charter in com-
    pliance herewith, or a foreign corporation may obtain
    a certificate of authority to do business in Texas for
    the following purpose:

        "To act as trustee, executor, administrator, or guard-
    ian when designated by any person, corporation, or court
    to do so, and as agent for the performance of any lawful
    act, including the right to receive deposits made by
    agencies of the United States of America for the authorized

account of any individual; to act as attorney-in-
fact for reciprocal or interinsurance exchange."

There appears to be no statutory definition of the words
"trust companies" or enumeration of the powers which are author-
ized by law to be exercised by such companies, with the excep-
tion hereinafter noted.  Prior to the enactment of the Texas
Business Corporation Act corporations organized for the purposes
set forth in sub-division 49, Article 1302, and Article 1303b,
V.C.S., have been defined by the courts as being "trust companies"
under certain specific factual situations.  Stewart v. Ramsey,
148 Tex. 249, 223 S.W. 2d 782 (1949); Carney v. Sam Houston Under-
writers, 272 S.W. 2d 942 (Civ. App. 1954, error ref. n.r.e.).

The words "trust company" appear in the Banking Code of
1943 (Article 342-102, V.C.S.), the Insurance Code (Article 7.17,
V.C.S.), and in Article 1513, V.C.S., and specific corporate
trust purposes authorized by law are delineated in sub-division
49, Article 1302, and Article 1303b, V.C.S.  However, since the
enactment of the Texas Business Corporation Act, the creation of
"trust companies" thereunder has been expressly prohibited by
the terms thereof (Art. 2.01B(4) and Art. 9.14A).  The creation
of corporations with trust powers under the provisions of Chapter
7 of the Insurance Code was expressly repealed by Section 1,
Article 1302a, V.C.S.

Section 7, Article 1513a, V.C.S., provides in part as
follows:

"The general law for incorporation and governing
of corporations, and the provisions of Article 1513,
Revised Civil Statutes of Texas, and the provisions
of the Texas Business Corporation Act shall supple-
ment the provisions of this Act and shall apply to
such trust companies to the extent that they are not
inconsistent herewith; provided, the provisions of
Article 2.01A permitting a corporation to have more
than one purpose shall not apply . . . . ."

In addition, Section 3, Article 1513a, V.C.S., makes the provi-
sions of Article 1524a, V.C.S., applicable to corporations created
or operating under the provisions of Section 2, Article 1513a.

Therefore, under present law there are only two methods
whereby corporations may be created with trust powers which would
authorize the use of the words, "trust company":  (1)  Under the
provisions of Article 342-301, V.C.S. (Banking Code of 1943);
and (2)  Section 2, Article 1513a, V.C.S.  In the case of a cor-
poration with trust powers or a "trust company" organized under
the provisions of Article 342-301(d), V.C.S., such corporation

can only be chartered under the provisions of the Banking Code of 1943, and exercise the powers expressly set forth therein. In the case of a "trust company" organized under the provisions of Article 1513a, and chartered by the Secretary of State, the purposes of such corporation are limited to those specifically set forth in Section 2, Article 1513a and it may exercise the additional powers enumerated in Article 1513.

Article 1513, Revised Civil Statutes of 1925, provides in part as follows:

"Every trust company organized under the laws of the State with a capital of not less than five hundred thousand dollars shall, in addition to all other powers conferred by law, have the power to purchase, sell, discount and negotiate with or without its endorsement or guaranty, notes, drafts, checks, bills of exchange, acceptances, including bankers' acceptances, cable transfers and other evidences of indebtedness........"

This article was originally enacted as Chapter 49, Acts 3rd C.S., 36th Leg., 1920, p. 90, and was codified without change in the Revised Civil Statutes of 1925 under Title 32, "Corporations-Private", as Chapter 17, "Trust Companies and Investments".

Section 2 of the original Act reads in part as follows:

"The fact that there is now no law that will allow trust companies to purchase, sell, discount, and negotiate notes, drafts, checks, bills of exchange, etc., as provided in this bill, creates an emergency. . . ."

Chapter 17, Title 32, also contained Articles 1514 to 1519, inclusive, under sub-title "Agricultural Finance Corporations", and Articles 1520 to 1524, inclusive, under sub-title "Loan and Brokerage Companies". Chapter 165, Acts 42nd Leg., 1931, p. 280, repealed Articles 1520 to 1524, inclusive, and substituted in lieu thereof what is now codified as Article 1524a, Vernon's Civil Statutes.

Article 1520 read in part as follows:

"Art. 1520. Powers.--This subdivision shall embrace corporations created for any or all of the following purposes: To accumulate and lend money, purchase, sell and deal in notes, bonds, and securities, but without banking and discounting privileges; and to act as trustee under any lawful express trust committed to them by contract and as agent for the per-

formance of any lawful act.........."
(Emphasis added)

This provision is almost identical with sub-section 49, Article 1302, Revised Civil Stautes of Texas, 1925. Both sub-section 49, Article 1302, and Article 1520 were derived from Chapter 83, Acts 36th Leg., 1919, p. 134.

When Article 1520, R.C.S., 1925, was repealed and Article 1524a, V.C.S., was enacted in lieu thereof by Chapter 165, Acts 42nd Leg., 1931, p. 280, the phraseology of the first sentence of Article 1520 was changed in Section 1, ARticle 1524a, V.C.S., to read as follows:

> "This Act shall embrace corporations heretofore created and hereafter created having for their pur-pose or purposes any or all of the powers now author-ized in Sub-divisions 48, 49 or 50 of Article 1302, Revised Civil Statutes of Texas, 1925, and heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Chapter 275, Senate Bill Number 232 of the General and Special Laws of the Regular Session of the 40th Legislature. . . ."

The remaining phraseology of Article 1520 and Section 1, Article 1524a, is identical.

As above noted, Section 2, Chapter 49, Acts 3rd C.S., 36th Leg., 1920 (Art. 1513), which was the emergency clause, stated that: "There is now no law" permitting trust companies to pur-chase, sell, discount and negotiate notes, etc., as provided in the Act. It is therefore clear that the Legislature, in enacting Article 1513, intended to supplement the powers given to corpor-ations chartered with purpose clauses containing "trust powers" under the provisions of either sub-section 49, Article 1302, or Article 1520 to enable them to discount promissory notes, bills of exchange, etc., provided that such corporations had a capital of $500,000.00, or more.

Both sub-section 49, Article 1302, and Article 1520 per-mitted corporations chartered thereunder to accumulate and lend money, and also to purchase, sell, and deal in notes, etc., but without banking and discounting privileges. The enactment of Article 1513 demonstrated a clear legislative intent to permit such corporations with a capital of $500,000.00, or more, in addition to purchasing, selling, and dealing in notes, to "dis-count" such notes and other commercial paper in connection with their purchase and sale.

If the legislative intent in enacting Article 1513 was to be applicable only to trust companies having a capitalization

of $500,000.00, or more, chartered under the provisions of Title
16, Revised Civil Statutes of Texas, 1925, titled "Banks and
Banking" and particularly the provisions of Chapter 4 thereof
styled, "Banks and Trust Companies", then the necessity for such
legislation did not exist, since Article 396, R.C.S., 1925, pro-
vided that:

> "Bank and trust companies may be created for the
> purpose of establishing a bank of deposit or discount
> or both of deposit and discount, with the purposes set
> out in Article 392, and any one or more of the follow-
> ing purposes; . . . ."

Article 396 then enumerates ten additional purposes consisting
of various trust powers, powers to act as fiscal or transfer
agent, and powers as executors, administrators, or guardians.

Article 392, R.C.S., 1925, authorized banking corpora-
tions to act as a depository, to lend money at the legal rate of
interest, and to buy, sell, and discount negotiable and non-
negotiable commercial paper of all kinds.

Since the provisions of Article 392 relating to the powers
of trust companies chartered by the Banking Commissioner permitted
the bank and trust company or turst company, in addition to lend-
ing money, to buy, sell, and discount negotiable and non-negoti-
able commercial paper of all kinds, it is clear that the anact-
ment of Article 1513 in 1920 for the purpose of giving trust
companies powers to discount negotiable paper because "there is
now no law that will allow trust companies to purchase, sell,
discount and negotiate notes, etc." was not intended to apply
to banks or trust companies chartered under the provisions of
Chapter 4, Title 16, R.C.S., 1925, but to loan and brokerage com-
panies whose creation was authorized in 1919 under the provisions
of sub-division 49, Article 1302 and Article 1520, and regulated
by the provisions of Articles 1521 to 1524, inclusive, and later
by Article 1524a, V.C.S., enacted in 1931 in lieu of Articles
1520 to 1524, R.C.S.

In view of the foregoing legislative history it is mani-
fest that in enacting Article 1513 the Legislature intended to
give to corporations chartered under the provisions of sub-divi-
sion 49, Article 1302, or Article 1520, R.C.S., the power to
discount commercial paper in addition to the original purpose of
accumulating and lending money if such corporations had a mini-
mum capitalization of $500,000.00, and that the Legislature
realized that there was a distinction between the loan of money
to a borrower with interest discounted in advance and the pur-
chase of commercial paper from others than the makers thereof
at a discount.

Trust companies incorporated under the Banking Act, both prior and subsequent to the Banking Code of 1943, were authorized to accumulate and lend money, as well as to purchase, sell, and discount negotiable paper. But the "trust company", the creation of which was authorized by the provisions of Article 1513a, V.C.S., is only granted such powers as are specifically authorized by law and the additional powers set forth in Article 1513, V.C.S. Nowhere in either Article 1513 or Article 1513a is there any power granted or authorization given to such corporation to accumulate and lend money.

A corporate purpose is to be distinguished from the powers exercised by the corporation incident thereto. The general rule of law is that a corporation created for the purpose of carrying on a business under a statutory purpose which merely states the nature of the business and does not further define its powers, may exercise such powers as are reasonably necessary to accomplish the purpose of its creation and as are usually incident to the prosecution of its business, and no more, (Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S.W. 1055, 1057 (1895)), except such additional powers as may be specifically conferred by law. Since the implied powers must be in conformity with the purpose for which the corporation is formed, a corporation with the purpose clause contained in Section 2, Article 1513a, V.C.S., does not have the power to accumulate and lend money, although corporations may be formed for that purpose in addition to other purposes under the Texas Business Corporation Act. But Section 7, Article 1513a, specifically provides that "The provisions of Article 2.01A permitting a corporation to have more than one purpose shall not apply". Hence, "trust companies" created or authorized by the provisions of Article 1513a are limited to the purpose clause set forth in Section 2 thereof, and may only exercise such powers as are reasonably incident to the prosecution of its business, which is not that of accumulating and lending money, together with such additional powers as may be conferred by Article 1513.

Article 1513, V.C.S., confers the additional power to "purchase, sell, discount and negotiate with or without its endorsement or guarantee, notes, drafts", etc. In using the word, "discount", in connection with the power to purchase, sell, and negotiate notes and other commercial paper, it is clear that the power to "discount" is to be used in conjunction with the power to purchase, sell, and negotiate the promissory notes and other commercial paper, and not to discount interest in advance in the making of a loan as this term is generally understood in banking parlance.

It has been suggested in a brief filed by counsel representing a trust company operating under the provisions of Article

1513a, V.C.S., that trust companies created under the provisions of Article 1513a, V.C.S., have the additional powers granted in Article 1524a-1, V.C.S. (Ch. 472, Acts 52nd Leg., 1951, p. 832), since the provisions of Section 3, Article 1513a, provide that the provisions of Article 1524a, V.C.S., shall apply to such corporations. While it is true that Section 1(d) and Section 3 of Article 1524a-1 state specifically that corporations doing business thereunder are subject to the provisions of Article 1524a, nevertheless, it is clear that the additional powers granted to certain corporations under the provisions of Article 1524a-1 are not applicable to corporations operating under the provisions of Article 1513a, since Section 1, Article 1524a-1, provides that the Act shall be applicable to corporations heretofore or hereafter formed for the purposes specified in Sections 48, 49, and 50 of Article 1302, and Article 1303b, Vernon's Civil Statutes, only.

Keeping in mind the fundamental distinction between a corporate purpose and a corporate power, it is the opinion of this office that a corporation whose charter contains a purpose clause authorized in Section 2, Article 1513a, V.C.S., may not engage in a general loan business by making loans to the general public upon promissory notes, and "discounting" the interest thereon in advance.

You also request our opinion as to the applicability of Section 9, Article 1524a, V.C.S., the pertinent part of which is as follows:

". . . Or, if it shall appear from such examination that such corporation has exceeded its corporate powers or has been guilty of unlawful act or acts, or is failing to comply with this Act, said Banking Commissioner of Texas shall give notice to such corporation to cease such act or practices and to conduct its business in accordance with law and its charter powers. Failure or refusal to comply with the notice of the Banking Commissioner of Texas within 30 days from receipt of said notice shall constitute grounds for the forfeiture of the charter of such corporation at the suit of the Attorney General upon request of the Banking Commissioner of Texas."

Since it is our opinion that a corporation which has as its corporate purposes those set forth in Section 1, Article 1524a, may not engage in a general loan business by making direct loans to the general public in its own behalf, any such corporation which has been or now is engaged in transacting a general loan business by making loans in its own behalf direct to the general public would be exceeding its authorized legal powers,

and it would be your duty to follow the procedure set forth in Section 9, Article 1524a, V.C.S.

Nothing in this opinion shall be construed as preventing such a trust company from making loans out of funds in its possession, as trustee, under a bona fide trust agreement authorizing the corporation to use such trust funds for the purpose of making loans of money for the benefit of the trustor. However, such corporation would not be authorized to engage in the business of lending any money which forms a part of its capital and surplus assets, or which is borrowed by the corporation for the purpose of lending money to the general public in its own behalf or for its own benefit.

## SUMMARY

A corporation with the corporate purposes set forth in Section 2, Article 1513a,V.C.S., is without authority to engage in a general loan business by making direct loans to the general public in its own behalf. Such corporation may purchase, sell, and discount negotiable commercial paper under the provisions of Article 1513, V.C.S. The word "discount" as used in Article 1513, V.C.S., does not authorize the making of direct loans to the borrower by discounting the interest thereon in advance. Where such corporation has been or now is engaged in the general loan business by making direct loans of money to the public in its own behalf, it has exceeded its charter powers and the Banking Commissioner should follow the procedure set forth in Section 9, Article 1524a, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

FBW:lm:wc

APPROVED:
OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

Houghton Brownlee, Jr.
J. Mark McLaughlin

By s/Fred B. Werkenthin
    Fred B. Werkenthin
    Assistant

REVIEWED FOR THE ATTORNEY GENERAL BY: W. V. Geppert