

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 2, 1960

Hon. Zollie Steakley
Secretary of State
Austin, Texas

Hon. J. M. Falkner
State Banking Commissioner
Austin, Texas

Opinion No. WW-897

Re: Effect of Texas Business
Corporation Act upon corpora-
tions whose purposes include
the trust purposes authorized
by Subdivision 49, Art. 1302 and
Art. 1303b.

Dear Sirs:

Your request deals with the effect of the Texas Business Corpor-
ation Act upon certain corporations organized under Subdivision 49 of
Article 1302, V.C.S., and Article 1303b, V.C.S. Article 1302, Subdivi-
sion 49, provides in part:

"The purposes for which private corporations
may be formed are:

49. For any one or more of the following pur-
poses:. . .To act as trustee under any lawful express
trust committed to them by contract and as agent for
the performance of any lawful act."

Article 1303b provides in part:

"A private corporation may be formed for any
one or more of the following purposes, without banking
or insurance privileges:. . . to act as trustee under law-
ful express trust committed to it by a contract or will,
or under appointment of any court having jurisdiction
of the subject matter, and as an agent for the perfor-
mance of any lawful act. . ."

You have asked the following questions:

"1. Will the Texas Business Corporation Act
apply after September 6, 1960, to corporations whose
purposes include the trust purposes authorized by
Subdivision 49, Article 1302, and Article 1303?

"2. If the answer to the first question is 'No', can such corporations lawfully continue to engage in a 'trust business' and, if so, what law is applicable; and if not so, can the corporations continue to engage in the other business activities authorized by their corporate purposes, and if so, what law is applicable?"

While there is no statutory definition of "trust company," nevertheless corporations created under the laws of the State of Texas whose charters contain the purposes set forth supra in Article 1302, Subdivision 49, and Article 1303, V.C.S., have been classified as "trust companies" by the appellate courts of Texas. Stewart v. Ramsey, Secretary of State, 148 Tex. 249, 223 S.W.2d 782 (1949); Carney v. Sam Houston Underwriters, 272 S.W.2d 942 (Civ.App. 1954, error ref., n.r.e.).

Article 2.01 of the Texas Business Corporation Act, sometimes hereinafter referred to as the Act, provides that a trust company may not be organized under or adopt the Act. Article 9.14A provides that the Act does not apply to trust companies. Art. 9.14E provides that effective September 6, 1960, the Act shall apply to "all domestic corporations" but this section by its very terms excludes those corporations excepted from the Act by Art. 9.14A. Since the charters of the corporations referred to in your request contain purpose clauses authorizing them to operate as "trust companies" as defined by the Courts of Texas, we answer your first question to the effect that the provisions of the Act are not generally applicable to such corporations.

The pivotal question is whether such existing corporations may continue to engage in a trust business as specified in their charters. Our answer to this inquiry is that they may.

The conclusion that such corporations could no longer continue to engage in the trust business must necessarily be based upon the hypothesis that (1) the passage of the Texas Business Corporation Act in some manner repealed Subdivision 49, Article 1302, and Article 1303b authorizing the creation of corporations with trust purposes and (2) therefore, such repeal operates as a repeal of the charter of companies previously formed thereunder insofar as they seek to exercise powers under their trust purposes.

Assuming the repeal of Subdivision 49 and Article 1303b as indicated in (1) above, nevertheless, the rule is that the repeal of a general act under which corporations have been chartered does not operate as a repeal of the charters of such corporations, in the absence of express

intention to the contrary. Logan v. Texas Mutual Life Insurance Association, 121 Tex. 603, 51 S.W.2d 288, on motion for rehearing 121 Tex. 603, 53 S.W.2d 299; State v. Texas Mutual Life Insurance Company of Texas, 51 S.W.2d 405 (Civ.App., 1932, reversed on other grounds 58 S.W.2d 37 (Comm.App.); Bibb v. Hall, 101 Ala. 79, 14 So. 98; 19 C.J.S. 1438, Corporations, Sec. 1654. As stated in the citation from C.J.S.:

> "Whether or not an enactment of the Legislature shall operate as a repeal of a charter. . . is a question of intent. . . Repeals by implication are possible, but are not favored, and the Act will not be held to repeal the charter unless there is an express intention to do so, or a necessary implication to that effect arising from the enactment."

Certainly there is no express intent on the part of the Legislature to repeal the existing charters of such companies or to withdraw from such companies the right to operate pursuant to their trust purposes. With some exceptions not here pertinent, there are no express or general repealing clauses in the usual sense contained in the Act. Paragraph A of Article 9.16, which is the closest thing to a general repealing clause, simply provides with exceptions, that no law of this State pertaining to private corporations shall hereafter apply to: (1) Corporations organized under this Act; (2) Corporations which obtain authority to transact business in this State under this Act; (3) Existing corporations which adopt this Act. Nor can any circumstances be gleaned from the terms of the Act which require a necessary implication that the Legislature intended for these existing charters to be repealed.

Having so held, you are further advised that the Texas Business Corporation Act would apply to such corporations to the extent indicated by the proviso of Art. 9.14A, underlined below:

> "A. This Act does not apply to domestic corporations organized for the purpose of operating banks, trust companies, building and loan associations or companies, insurance companies,. . . corporate attorneys in fact for reciprocal or inter-insurance exchanges, railroad companies, cemetery companies, cooperatives or limited cooperative. associations, labor unions, or abstract and title insurance companies. . .; provided, however, that if any of said excepted domestic corporations were heretofore or hereafter organized under special statutes which contain no provisions in regard to some of the matters provided for in this Act, . . . or if such special statutes specifically

> provide that the general laws for incorporation . . .
> shall supplement the provisions of such statutes,
> then the provisions of this Act shall apply to the ex-
> tent that they are not inconsistent with the provisions
> of such special statutes." (Emphasis supplied)

The question has been raised whether such corporations would come within the terms of the proviso, the argument being that such corporations were not "organized" under "special statutes," but rather under the provisions of Title 32, R.C.S., 1925, the previous "general" corporation laws. This conclusion applied generally would lead to much confusion and uncertainty and to varying treatment of the different classes of excepted corporations where no intent to differentiate is apparent. For example, it could be said that banks, insurance companies, title insurance companies, and building and loan associations, all "excepted" corporations, clearly come within the proviso for each is formed under particular laws which provide the manner and means for their organization. But even these types of corporations have been to some extent governed and even dependent upon the general incorporation laws for their creation. The remaining excepted corporations are to a varying degree dependent upon the general corporation law for the means of their creation. Prior to the Texas Business Corporation Act "1303b" and "section 49" corporations were entirely dependent upon the general corporation laws for the manner and means of their creation with Articles 1303b and section 49 of Article 1302 providing only that corporations with the purposes described could be formed. Though not immediately apparent, cemetery corporations are in the same position for although extensive regulatory provision has been made for cemeteries (Article 912a-1-27, V.C.S.), no provision is made for the manner and means by which such corporations are to be created.

In WW-490 we have previously discussed the meaning of the term "special statute" stating:

> ". . .While the term 'special' statute sometimes refers to acts which regulate the rights or interests of a particular or designated person or which relate to a particular person or thing of a class as distinguished from an act which applies uniformly throughout a class (39 Tex. Jur. 29, Stats., Sec. 12), it is also frequently applied to statutes such as the Insurance Code that pertain to a limited or subclass of persons or things or corporations. . . From the reading of the statute, it can be seen that all of the excepted corporations are governed by statutes that are 'special' in the latter sense. Accordingly, the term 'special' statute as used in Article 9.14, T.B.C.A., must

be used in the same sense so that insurance companies organized after the effective date of the Business Corporation Act would be a corporation 'hereafter organized under special statutes.' "

In our opinion, there is nothing to indicate that the Legislature intended to treat the various classes of excepted corporations differently with respect to supplementation by the Business Corporation Act. Statutes relating to insurance corporations, banks, and other related excepted corporations are not "special" because they provide the means by which articles of incorporation will be filed, but only because they pertain to certain limited classes of corporations which are generally excluded from the Act, the now existing general corporation laws, and it is in that sense that such laws are "special."

We have no difficulty in concluding that a corporation chartered pursuant to Article 1303b or Subdivision 49, Article 1302, containing the trust purposes, is an "excepted domestic corporation. . .organized under [a] special statute" pursuant to the proviso of Article 9.14A.

As the remaining inquiries were predicated on answers different from those given above, they will not be answered.

## SUMMARY

Corporations previously organized under the provisions of Subdivision 49 of Article 1302 and Article 1303b do not lose their corporate existence or their power to engage in the trust business by virtue of the passage of the Texas Business Corporation Act. Though not generally applicable to such corporations, the Act does apply to the extent provided in Article 9.14A.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
C. K. Richards
Assistant Attorney General

Fred B. Werkenthin
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Houghton Brownlee, Acting Chairman
R. V. Loftin, Jr.
Martha Joe Stroud
Tom McFarling
Charles Cabaniss

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore