

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 21, 1970

Honorable Martin Dies, Jr.
Secretary of State
Capitol Building
Austin, Texas

Opinion No. M- 754

Re: Should the Secretary of
State administratively re-
instate, under Article 12.17,
Title 122A, Tax-Gen., V.C.S.,
a trust company formed under
Article 1302, subsection 49,
or Article 1303(b), V.C.S.,
without proof that the
corporation has complied
with Article 1513a, V.C.S.,
and especially whether the
corporation is authorized to
have and does have a fully
paid-in capital of not less
than $500,000.00?

Dear Mr. Dies:

Your recent request presents the following question for
determination by this office:

"Should the Secretary of State administra-
tively reinstate, under Article 12.17, Taxation-
General, Vernon's Annotated Texas Statutes, a
trust company formed under Article 1302, sub-
division 49, or Article 1303(b), Vernon's Anno-
tated Texas Statutes, without proof that the
corporation has complied with Article 1513a,
Vernon's Annotated Texas Statutes, and especially
whether the corporation is authorized to have and
does have a fully paid-in capital of not less
than $500,000.00."

This question of whether the Secretary of State should
require proof of compliance with Article 1513a,[1] Title 32,
Corporations, before reinstating the charter of a corporation

---

1. All Articles cited are as codified in Vernon's Civil Statutes.

formed under either Article 1302(49), or Article 1303(b), of this Title 32, (the latter two articles repealed by Acts 1961, 57th Leg., p. 458, ch. 229, Sec. 1, Eff. Aug. 28, 1961), actually presents two questions for determination in this opinion. The first question concerns the Secretary of State's right or duty to require that a corporation seeking reinstatement under Article 12.17, Title 122A, Taxation-General, comply with all laws then pertaining to it before allowing reinstatement of its charter. Assuming that such a duty on the part of the Secretary of State exists, the second question is whether the provisions of Article 1513a, apply to corporations chartered under either Article 1302(49) or Article 1303(b), and which corporations seek reinstatement of their charters granted under the authority of either of these Articles.

Article 12.17 provides for administrative and judicial re-instatements of charters forfeited either administratively by the Secretary of State or judicially by court order. We are concerned here with only the right to administrative reinstatement provided for corporations with charters administratively forfeited by the Secretary of State. Article 12.17 provides in part:

> "(3) . . . (b). Any corporation, domestic or foreign, whose charter or certificate has been forfeited without judicial ascertainment by the Secretary of State may revive said charter or certificate, by first filing all delinquent franchise tax reports as required by law and by filing all franchise taxes, penalties, and interest due by said corporation at the time of the request. . . . Upon such request, and upon the determination that all delinquent franchise tax reports have been filed and all franchise taxes, penalties, and interest due by said corporation at the time of the request for reinstatement have been paid, the Secretary of State shall administratively set aside the forfeiture. . ."

This statutory provision does not speak of any requirement that a corporation to be reinstated must comply with any other laws relating to its existence or operation. However, it can easily be seen that if such corporation is not required to comply with all laws pertaining to its existence and operation under its charter before it is reinstated, the Secretary of State would be put in the unreasonable and untenable position of reinstating corporations that cannot exist or operate under their charter as

reinstated. For example, this problem would arise whenever a corporation did not have a registered agent as required by the Texas Business Corporation Act, or failed to meet some other provision of the corporation laws, but did meet the requirements of Article 12.17 by paying all delinquent franchise taxes, penalties, and interest due. It is implicit in any procedure to create or reinstate a corporate charter that the corporate laws dealing with such a corporation be complied with prior to its creation or reinstatement on the records of the Secretary of State.

In view of the above holding we must now determine the scope of Article 1513a, in so far as its provisions may apply to corporations having charters originally granted under either Article 1302(49), or Article 1303(b). If the provisions of Article 1513a apply to such corporations seeking reinstatement, then the Secretary of State must require compliance with them before allowing reinstatement of the forfeited charter.

An understanding of the subject matter of these three statutes dealing with trust companies is necessary to this opinion; these statutes read in their relevant parts:

Article 1302

"The purposes for which private corporations may be formed are:

". . . .

"49. For any one or more of the following purposes: To accumulate and lend money, purchase, sell and deal in notes, bonds and securities, but without banking and discounting privileges; to act as trustee under any lawful express trust committed to them by contract and as agent for the performance of any lawful act."

Article 1303(b)

"A private corporation may be formed for any one or more of the following purposes, without banking or insurance privileges: to accumulate and loan money; to sell and deal in notes, bonds and securities; to act as Trustee under any lawful express trust committed to it by contract or will, or under appointment of any court having jurisdiction of the subject matter, and as agent

for the performance of any lawful acts;.  . . ."

Article 1513a

"Section 1.  Trust companies may be created, and any corporation, however created, may amend its charter in compliance herewith, or a foreign corporation may obtain a certificate of authority to do business in Texas for the following purpose:  to act as trustee, executor, administrator, or guardian when designated by any person, corporation, or court to do so, and as agent for the performance of any lawful act, including the right to receive deposits made by agencies of the United States of America for the authorized account of any individual, and to act as attorney-in-fact for reciprocal or inter-insurance exchange, and to lend and accumulate money without banking privileges, when licensed under the provisions of Subtitle II of Title 79, Revised Civil Statutes of Texas, 1925, as amended.

"Section 2.  (a) Such corporations shall be subject to supervision by the Banking Commissioner of Texas and shall file . . . each year a statement of its condition . . . showing under oath its assets and liabilities, together with a fee of $25 for filing; . . .

"(b) The Banking Commissioner of Texas shall . . . cause to be examined each such corporation annually or more often if he deems it necessary.  . . . If such corporation has not sold in Texas, and does not offer for sale or sell in Texas, any of its securities which have been registered or with respect to which a permit authorizing their sale has been issued under the Securities Act, . . . the Banking Commissioner . . . shall accept the financial statement filed by such corporation pursuant to the first paragraph of this Section.  . . .

"(c) If any such corporation shall fail to comply with the requirements of the first paragraph of this Section . . . such failure shall subject such corporation to a penalty of not less than $200 nor more than $1,000, which shall be collected at the suit of the Attorney General.  . . . A second failure to file such statement, . . . shall be grounds for forfeiture of the charter of such corporation at the suit of the Attorney General . . .

"(d)   Refusal . . . of any such corporation
to submit to an examination by the Banking
Commissioner . . . or  . . . withholding of in-
formation . . . shall constitute grounds for for-
feiture of the charter of such corporation . . .

"Section 3.   Any securities issued or sold by
such companies shall be issued and sold in compliance
with . . . Securities Act, . . .

"Section 4.   Any such company must have a fully
paid-in capital of not less than $500,000.

"Section 5.   Any such company shall not accept
demand or time deposits, except as hereinabove pro-
vided.

"Section 6.   The provisions of this Act shall
apply to foreign corporations which have heretofore
been authorized and which may hereafter be authorized
to transact business in this State under a certificate
of authority which authorizes such corporation to
exercise in this State all or any of the purposes,
powers or authorities referred to in Section 1 hereof.   . . .

"Section 7.   The General Laws for incorporation
and governing of corporations and the provisions of
Article 1513, Revised Civil Statutes of Texas, 1925,
and the provisions of the Texas Business Corporation
Act shall supplement the provisions of this Act and
shall apply to such trust companies to the extent that
they are not inconsistent herewith; provided, the pro-
visions of Article 2.01A permitting a corporation to
have more than one purpose shall not apply.  The power
and authority herein conferred shall in no way affect
any of the provisions of the antitrust laws of this State."

The above quoted statutes all authorize the creation of
corporations having trust powers, characterized as "trust companies"
by the courts and in Section 7, of Article 1513a.  Carney v. Sam
Houston Underwriters, 272 S.W.2d 942 (Civ.App. 1954, error ref.
n.r.e.); Stewart v. Ramsey, Secretary of State, 148 Tex. 249,
223 S.W.2d 782 (1949).

Articles 1302(49), and 1303(b), were enacted in 1919 and 1927, respectively, and were repealed as of August 28, 1961. Article 1513a, was enacted in 1957 and is still in effect. After the repeal of Articles 1302(49), and 1303(b), a trust company could be created only under the authority of Article 1513a. Although all three statutes authorized the creation of "trust companies", only Article 1513a sets out a comprehensive statutory scheme for the regulation of such corporations.

Article 1513a, providing for the creation and the regulation of trust companies and requiring the compliance with specific conditions therein provided by such trust companies, effected a change in the conditions and requirements necessary for all trust companies, including those theretofore created under prior statutes authorizing corporations with trust powers. This statute is not the first enactment whereby prior corporations have been subjected to subsequent requirements necessary for its continued existence as a corporation having the same powers granted to it by the statute under which it was originally created. Jefferson County Title Guaranty Co. v. Tarver, 119 Tex. 410, 29 S.W.2d 316 (Comm.App. adopted 1930).

In that case a title guaranty company incorporated in 1927 under Article 1302(57), Title 32, Corporations, was subjected to a later act requiring an increase in the capital stock subscribed of $50,000.00. The court quoted the following statutes and provisions of our State Constitution:

Article XII, Section 1, Texas Const.:

"No private corporation shall be created except by general laws."

Article XII, Section 2, Texas Const.:

"General laws shall be enacted providing for the creation of private corporations, and shall therein provide fully for the adequate protection of the public and the individual stockholders."

Article 1318:

"All charters or amendments to charters under the provisions of this chapter, shall be subject to the power of the Legislature to alter, reform, or amend the same."

Under the above constitutional and statutory provisions,[2] the court held that the company, having been incorporated under the Constitution and general laws of Texas expressly reserving in the Legislature the right to alter, reform, or amend the corporation laws and charters, is subject to the Act of 1929 requiring the capital stock of $100,000.00 as a condition precedent to doing business in this state, and that such statutory requirement does not impair any contract evidenced by the charter granted by the State to the company. The Court further held that a corporation such as the one in question had no vested right in the privilege of doing a title guaranty business as a corporation, and therefore suffered no loss of any vested right to property in a change in the statute law prescribing a larger capital stock as a condition precedent to continuing business in this State.

This construction of Article 1513a is not inconsistent with the prior Acts providing that corporations could be created having trust powers because the subsequent Act, Article 1513a, does not invalidate the charters theretofore granted but merely provides certain standards such as the amount of capital necessary, compliance with the Securities Act and compliance with the regulations providing for annual reports submitted to the Banking Commissioner of Texas and his examination thereof.

Further support is given to the above construction of Article 1513a because of the language of Section 6 of that statute. Section 6 provides that all foreign corporations authorized to transact business in the State of Texas under a certificate of authority which authorizes such corporations to exercise in this State all or any of the powers or purposes referred to in Section 1 of Article 1513a must comply with the provisions of that Act.

If domestic corporations having trust powers set out in Section 1 of Article 1513a did not have to comply with the provisions of that Act then a classification based on the nature of the corporation as domestic or foreign would result. It is the settled law of the land that a foreign corporation, once admitted to do business in a state, is entitled to equal treatment under the laws of that

---

2.  Article 1318 has been replaced by Article 9.12, Business Corporation Act, which contains similar provisions.

state.  Whyy, Inc. v. Borough of Glasboro, 393 U.S. 117 (1968),
21 L.Ed. 242, 89 S.Ct. 286.

The rule is stated in 17 Fletcher's Cyclopedia of The Law of
Private Corporations, §8396, on page 292:

> ". . . separate classification of foreign and
> domestic corporations, for purpose of regulation,
> where the foreign corporation has been admitted to
> the state, is unconstitutional as an unreasonable
> and arbitrary classification which constitutes a
> denial of the equal protection of the laws; . . ."
> (emphasis added).

Where a corporation has not been admitted to the state,
special conditions or standards may be imposed that do not apply
to like domestic corporations.  Also where grounds for distinction
between foreign and domestic corporations exist, the above rule
does not apply.

Here, in view of the fact that domestic corporations
authorized to have trust powers under Articles 1302(49) and
1303(b) are not subject to any regulations if Article 1513a does
not apply to them, the regulatory provisions of that Act, which
clearly apply to foreign corporations previously admitted to the
state under a certificate of authority authorizing them to have
like trust powers, would constitute a denial of equal protection
of the laws to such foreign corporations.  Grounds for a distinction
between foreign and domestic corporations are not evident under such
circumstances.

It is a well-settled rule of law that a statute will be
construed in a manner that will uphold the constitutionality of its
provisions.  53 Tex.Jur.2d 225, Statutes, §158.  By holding that
Article 1513a applies alike to all domestic and foreign corporations
authorized to have the trust powers defined in Section 1 of that
Act, the constitutionality of said statute is preserved.

For the above reasons, it is our view that Article 1513a
applies not only to corporations created under the authority of
that Act, but also to all trust companies whether foreign or
domestic, that may wish to employ the trust powers defined in
Section 1 of Article 1513a.

The Secretary of State, therefore, is authorized to require
proof of compliance with the laws governing trust companies, includ-

ing the provisions of Article 1513a, before allowing reinstatement of such corporations under Article 12.17 allowing reinstatement of charters forfeited for failure to pay franchise taxes.

S U M M A R Y

The Secretary of State is not required to reinstate a corporation whose charter, once reinstated, would not comply with the corporate laws governing said corporation. Article 1513a, V.C.S., applies not only to corporations created under the authority of that Act, but also to all trust companies whether foreign or domestic, that may wish to employ the trust powers defined in Section 1 of Article 1513a. The Secretary of State, therefore, is authorized to require proof of compliance with the laws governing trust companies, including the provisions of Article 1513a before allowing reinstatement of such corporations under Article 12.17, V.C.S., allowing reinstatement of charters forfeited for failure to pay franchise taxes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Martin Dies, Jr., page 10    (M-754)

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

S. J. Aronson
John Banks
John Reeves
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant